**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 16, 2017**

# In the Court of Appeals of Georgia

A17A0912. HILL v. THE STATE.                               JE-028C

ELLINGTON, Presiding Judge.

After a bench trial, the State Court of Clayton County found Debra Hill guilty beyond a reasonable doubt of a misdemeanor pedestrian violation, failing to yield the right of way to vehicles upon the roadway when crossing other than at a crosswalk, OCGA § 40-6-92 (a). Hill appeals, challenging the sufficiency of the evidence. For the following reasons, we affirm.

When reviewing a conviction after a bench trial,

[t]he issue before [the appellate court] is whether the evidence was sufficient to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Therefore, we view the evidence in the light most favorable to the [trial court's judgment], and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence[,] nor do we determine the [witnesses'] credibility. Instead, we determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations and punctuation omitted.) *Brown v. State*, 298 Ga. App. 545, 545-546 (680 SE2d 579) (2009).

Viewed in the light most favorable to the trial court's judgment, the evidence showed the following undisputed facts. On July 1, 2015, at approximately 7:00 p.m., Rodolfo Navarro-Sanchez was driving his van westbound on Mount Zion Road in Morrow. It was raining and traffic was heavy. At the traffic light at the intersection with Jonesboro Road, Navarro-Sanchez stopped in the dedicated left-turn lane, preparing to turn left onto southbound Jonesboro Road. At the red light, he was first in line, waiting for a green left-turn arrow. When the left-turn arrow turned green, Navarro-Sanchez turned left into the southbound lanes of Jonesboro Road, and his van struck Hill, who was on foot in the intersection, and threw her into the air.

Navarro-Sanchez did not see Hill before striking her. Hill testified that she had been walking westbound along Mount Zion Road and was in the process of crossing Jonesboro Road, after waiting for the light. She testified that she crossed in front of the cars stopped in the northbound lanes on Jonesboro Road and was hit when she continued across the southbound lanes. An eyewitness, a driver who was headed southbound on Jonesboro Road and stopped at the traffic light at Mount Zion Road,

testified that he saw Hill to his left as she waited for the light to change and then crossed several lanes of Jonesboro Road before she was hit. The responding officer concluded, contrary to Hill and the witness, that Hill had been walking eastbound. At any rate, as Hill admitted, there was no crosswalk marked on the pavement; the only marking on Jonesboro Road was the painted stop line for vehicles.

The responding officer cited Hill for an improper pedestrian crossing. The State filed an accusation charging her with failing to yield the right of way to vehicles when crossing a roadway at other than a crosswalk, in violation of OCGA § 40-6-92 (a). That Code section provides:

> Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway unless he [or she] has already, and under safe conditions, entered the roadway.

As noted above, it is undisputed that there was no marked crosswalk where Hill was crossing Jonesboro Road. In addition, there was no evidence that Hill was crossing from one sidewalk to another on the opposite side of Jonesboro Road. Consequently, it is undisputed that Hill was crossing other than at either a marked

3

crosswalk or an unmarked crosswalk.[1] Furthermore, the evidence authorized the trial court to find that Hill entered the roadway when it was not safe to do so, given the traffic and weather conditions, and that she failed to yield to motor vehicle traffic. Accordingly, the trial court did not err in finding that she violated OCGA § 40-6-92 (a). *Nelson v. State*, 317 Ga. App. 527, 528 (731 SE2d 770) (2012) (Where the defendant crossed opposite a bus stop at night, although there were intersections with marked crosswalks located approximately 50 yards away from the bus stop, she crossed at other than a crosswalk when it was unsafe to do so in violation of OCGA § 40-6-92 (a).).

*Judgment affirmed. Andrews and Rickman, JJ., concur*.

---

[1] See *Wells v. Alderman*, 117 Ga. App. 724, 729 (2) (162 SE2d 18) (1968) (Georgia law recognizes two kinds of crosswalks: (1) a crosswalk marked or painted on the street or highway by the responsible public authorities, which may or may not be at an intersection, and (2) a crosswalk, which may or may not be marked, which comports with the statutory definition.); *Conner v. Mangum*, 132 Ga. App. 100, 104 (3) (207 SE2d 604) (1974) (accord); OCGA § 40-1-1 (10) (A) (A crosswalk is "[t]hat part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or in the absence of curbs, from the edges of the traversable roadway; or (B) Any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface."), (22) (A) (An intersection is "the area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.").